UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| METROPOLITAN SECURITY SERVICES, INC., *d/b/a* WALDEN SECURITY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:14-cv-295-CLC-SKL |
| U.S. SECURITY ASSOCIATES, INC., | ) ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Plaintiff's "Motion to Expedite Discovery" [Doc. 10], in which Plaintiff asks the Court to order limited, expedited discovery prior to the preliminary injunction hearing. For the reasons set forth below, the motion for expedited discovery will be **DENIED AS MOOT**.

In this tort action, Plaintiff alleges that Defendant has interfered with Plaintiff's business relationships, violated the Consumer Protection Act, and defamed Plaintiff [Doc. 1]. In the verified complaint, Plaintiff alleges that Defendant intentionally misrepresented facts to Plaintiff's clients about a September 16, 2014 incident in which a security guard, who was not employed by Plaintiff, rode in an elevator with President Obama during his visit to the Center for Disease Control ("CDC") in Atlanta. After this incident, it was widely publicized that the Secret Service had allowed a contract security officer "with a gun and three convictions for assault and battery" to ride in the elevator with President Obama. Plaintiff alleges that even though the security officer in question was employed by another company and worked at a location not staffed by Plaintiff's company, Defendant intentionally misrepresented facts to Plaintiff's clients, including statements that the officer in question was employed by Plaintiff on the date of the incident; that the officer

had three felony convictions, was a three-time felon, and had been convicted for assault and battery; and that Plaintiff used a subcontractor to provide security services to the CDC.

Immediately after filing the lawsuit on October 8, 2014, Plaintiff moved for a temporary restraining order ("TRO") and sought an emergency hearing before the Court [Doc. 3]. The Court held a hearing and granted the TRO [Doc. 9] on October 9, 2014, and the Court scheduled a preliminary injunction hearing to be held on October 23, 2014. After the TRO was granted and the preliminary injunction hearing was scheduled, Plaintiff filed the instant motion to expedite discovery [Doc. 10]. In the motion, Plaintiff seeks to obtain expedited discovery prior to the preliminary injunction hearing and specifically requests that it be permitted to serve up to seven document requests, conduct up to three depositions, and be permitted to serve a subpoena *duces tecum* that includes up to five document requests on any deponent.

On October 21, 2014, the parties jointly moved to extend the TRO and cancel the preliminary injunction hearing [Doc. 15]. The parties submitted an agreed order as to the same, which was entered by the Court on October 22, 2014 [Doc. 16]. The agreed order extended the TRO through December 8, 2014 and canceled the October preliminary injunction hearing.

On October 27, 2014, Defendant filed a response in opposition to Plaintiff's motion to expedite discovery [Doc. 17]. In its response, Defendant argues that Plaintiff has improperly attempted to begin discovery prior to their Rule 26(f) discovery planning meeting. Defendant also represents in its response that Plaintiff issued subpoenas to Defendant without waiting for the Court to rule on its motion to expedite discovery.

Under Rule 26(f), the parties are to engage in a discovery planning conference as soon as practicable, and they are required to confer at least 21 days before a scheduling conference is held. Fed. R. Civ. P. 26(f). Pursuant to Rule 26, "[a] party may not seek discovery from any source

2

before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). None of the exceptions appear to apply in this case at this time. Furthermore, the required conferral and planning required by the rules prior to the initiation of discovery should result in Plaintiff obtaining the discovery it seeks from Defendant without Court intervention. Additionally, Plaintiff's alleged need for expedited discovery was premised upon a preliminary injunction hearing that was scheduled for October 23, 2014. The preliminary injunction hearing has since been canceled by the parties' agreement, and Plaintiff's motion for expedited discovery is therefore **MOOT**.

For the reasons explained above, Plaintiff's motion to expedite discovery [Doc. 10] is **DENIED AS MOOT**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

3

Case 1:14-cv-00295-CLC-SKL   Document 20   Filed 11/19/14   Page 3 of 3   PageID #: 97